NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 11-2848 & 11-2849
_____

UNITED STATES OF AMERICA

v.

SCOTT M. LAVIGNE,
                              Appellant

_____

On Appeal from the United States District Court
For the Western District of Pennsylvania
(D.C. Criminal Action Nos. 10-cr-00038-001 & 06-cr-00023-002)
District Judge:  Honorable Kim R. Gibson
_____

Submitted Under Third Circuit LAR 34.1(a)
April 17, 2012
_____

Before:  SCIRICA, AMBRO and SMITH, Circuit Judges

(Opinion filed : April 18, 2012)
_____

OPINION
_____

AMBRO, Circuit Judge

        Scott M. Lavigne pled guilty to a firearm charge while he was on supervised

release for a drug-related charge.  The District Court imposed a sentence of 108 months'

imprisonment for the firearm charge and of 30 months' imprisonment for the violation of

supervised release, to run consecutively. Lavigne appeals to challenge the reasonableness of both sentences. For the reasons that follow, we affirm.

## I.    Background

In 2006, Lavigne pled guilty to conspiracy to distribute and possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846, and distribution of less than 100 grams of heroin, in violation of 21 U.S.C. § 841(a)(1). In exchange for his plea, the Government agreed for sentencing purposes that the amount of heroin was less than one kilogram, though over two kilograms were attributable to Lavigne. Under the advisory Sentencing Guidelines, Lavigne's recommended sentence of imprisonment was 120 to 150 months, due in part to prior state-law offenses.

Lavigne was not sentenced for the heroin-related counts until 2009. By that point, he had already served 29 months in prison. The District Court sentenced Lavigne to 29 months' imprisonment on each of the two counts, to run concurrently, and credited his time served, thus releasing him. In addition, the District Court imposed five years of supervised release. The terms of that release required that Lavigne "shall not possess a firearm" and "shall not commit another federal, state, or local crime." The terms further stipulated that Lavigne would undergo drug testing and, "if necessary, treatment for substance abuse as directed by the Probation Officer."

In 2010, Lavigne traded a World War II-era, .38-caliber semiautomatic handgun for a quantity of heroin. After finding the handgun in an unrelated search of the recipient's home, police issued an arrest warrant for Lavigne. Within a month, they arrested Lavigne at the scene of a traffic accident.

2

A federal grand jury thereafter indicted Lavigne for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He entered an open plea of guilty. The Presentence Report calculated an adjusted offense level of 25 and a criminal history category of V, which Lavigne did not contest and which the Court accepted. Based on that calculation, Lavigne faced an advisory Guidelines range of 100 to 120 months' imprisonment.[1] The District Court imposed a sentence of 108 months on the firearm charge.

The Court held a separate hearing on the petition to revoke Lavigne's supervised release, and at that hearing he acknowledged violating his release terms. It imposed a sentence of 30 months' imprisonment for the supervised release violation, at the low end of an agreed Guidelines range of 30 to 36 months. The Court further determined that this 30-month sentence would run consecutively to the 108-month sentence for the underlying offense.

Having preserved his objections to the sentence, Lavigne timely appealed.

## II.    Jurisdiction and Standard of Review

The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3583(e)(3). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

We review sentences for procedural and substantive reasonableness. There are three steps to our procedural review. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). First, we evaluate whether the District Court properly calculated the Guidelines

---

[1] The Guidelines range was 100 to 125 months, but there was also a statutory maximum term of 120 months. *See* 18 U.S.C. § 924(a)(2).

3

range. Second, we determine whether the Court ruled on the motions of both parties and stated its justifications for any departures that it has granted. Third, we decide whether the Court exercised its "discretion by considering the relevant [18 U.S.C] § 3553(a) factors in setting the sentence [it] impose[d] regardless of whether it varies from the sentence calculated under the Guidelines." *United States v. Friedman*, 658 F.3d 342, 359 (3d Cir. 2011) (internal quotation marks, footnote, and citation omitted). "After confirming that the district court followed the proper procedural requirements, 'we review the resulting sentence to ensure that it is substantively reasonable.'" *United States v. Lopez*, 650 F.3d 952, 964 (3d Cir. 2011) (citation omitted). "The abuse-of-discretion standard applies to both our procedural and substantive reasonableness inquiries." *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (*en banc*).

## III.  Discussion

### A.  Sentence for Firearm Offense

Lavigne first contests the reasonableness of his 108-month sentence for his firearm offense. Procedurally, he asserts that the District Court failed adequately to consider his "history and characteristics," 18 U.S.C. § 3553(a)(1). Substantively, he maintains that his sentence is "overly harsh." Undergirding both challenges is Lavigne's history of substance abuse and struggle to overcome it. He began abusing alcohol and marijuana before he was a teenager. By the time he was 22, Lavigne claims, he was using a considerable amount of heroin every day. Given this history, he was unable to remain sober after his two and a half years of incarceration for the heroin-related offenses. His prior sentence, he notes, did not include mandatory drug treatment.

4

Lavigne thus does not challenge the first two procedural steps of sentencing. At any rate, it appears that the District Court properly calculated his Guidelines range and considered departure motions. The third step, which Lavigne emphasizes, requires not just that the Court acknowledge the § 3553(a) factors but that it undertake a "'true, considered exercise of discretion . . . [,]including a recognition of, and response to, the parties' non-frivolous arguments.'" *Friedman*, 658 F.3d at 359 (quoting *United States v. Jackson*, 467 F.3d 834, 841 (3d Cir. 2006)).

Here, the District Court addressed each § 3553(a) factor at the sentencing hearing in detail. It expressly considered Lavigne's struggles with substance abuse, making note of each of the substances that he has used, as well as the duration and quantities of his use. That history is the chief mitigating factor that counsel urged to the Court. Against that history, the Court weighed the seriousness of the offense to which Lavigne pled guilty, the need for deterrence, and the sentences provided in the Guidelines and in analogous cases. *See* 18 U.S.C. § 3553(a)(2), (a)(4), (a)(6). The Court stressed that Lavigne was "likely to reoffend" given his history and that he had "harm[ed] the community in providing a market and source for controlled substances which have specific and tragic consequences for those addicted to the substances, as well as general consequences for the community." In light of the Court's thorough attention to the specific facts of this case, we cannot say that it abused its discretion.

Lavigne also makes a substantive challenge to the duration of his sentence. He contends that his offense, given his history, warranted "a sentence slightly below the advisory [G]uideline range." We disagree. Provided that the District Court has followed

5

the proper procedure, its sentence is substantively reasonable unless "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568. Lavigne has not cleared this high threshold. His sentence appears reasonable for the reasons given by the District Court. Bolstering that conclusion is the Court's recommendation that the Bureau of Prisons admit Lavigne to its 500-hour drug treatment program. In addition, the Court was uniquely familiar with Lavigne's case, having also imposed the below-Guidelines sentence for his heroin offenses in 2009.

For these reasons, we hold that Lavigne's 108-month sentence for his § 922(g)(1) offense was both procedurally and substantively reasonable.

### B. *Sentence for Violation of Supervised Release*

Lavigne likewise challenges the reasonableness of his sentence for violating his supervised release. That sentence is 30 months' imprisonment, at the bottom of the advisory Guidelines range. Lavigne appeals not its duration but the District Court's decision to apply it consecutively to, not concurrently with, his 108-month sentence. A consecutive sentence, he suggests, is "disproportionate to the crime that he committed in violation of his release . . . , in view of his serious addictions, to the point of unreasonableness."

With exceptions not applicable, "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . ." 18 U.S.C. § 3584(a). The District Court must consider the § 3553(a) factors in making this decision, *id.* § 3584(b), but otherwise,

6

it lies in the discretion of the Court. *See United States v. Dees*, 467 F.3d 847, 852 (3d Cir. 2006). The Sentencing Guidelines recommend that sentences for violations of supervised release be consecutive. U.S.S.G. § 7B1.3(f). As we have recognized, this is so because "[a] district court's primary consideration in handing down a revocation sentence is the defendant's breach of trust." *Dees*, 467 F.3d at 853.

Here, the District Court exercised its discretion, in light of the factors listed in § 3553(a), to have the sentences run consecutively. At his supervised release revocation hearing, Lavigne "incorporate[d] the majority of [his] arguments" made at his primary sentencing hearing "relative to his ongoing extensive drug abuse, as well as the fact that he did not receive any inpatient counseling for that addiction." He also observed that he had cooperated with authorities. The District Court fully considered these arguments as it again addressed each of the § 3553(a) factors. It found that they were outweighed by the fact that, despite his option to seek treatment, "Mr. Lavigne chose to engage in use of illegal drugs once again." The Court added that "incarceration is required to ensure prevention of further crimes committed by him." Had the sentence been concurrent, there would have been no punishment for Lavigne's breach of trust. Hence, we conclude that the District Court did not abuse its discretion by its consecutive sentence of Lavigne at the lowest end of the Guidelines range.

\* \* \* \* \*

Accordingly, we affirm the District Court's judgment of sentence and its order amending its prior judgment on revocation of Lavigne's supervised release.